United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-40043
_____

ROBERT PUSTKA,

Plaintiff - Appellee,

versus

PRINTPACK INC.,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1452
_____

Before JOLLY, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Printpack asserts that Pustka admits the pallet in question arrived at his line with no instability; thus, Printpack concludes that any injury-causing instability was caused solely by Pustka's actions. We have examined the transcript, and we are satisfied that there was sufficient evidence to support the jury's verdict against Printpack.

1) Although Pustka perceived no instability when the pallet was first delivered, there is testimony that the pallet held three rolls with a total weight of more than twice the average and with one of the rolls overhanging the edge of the pallet; that, after

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cutting the band that stabilized the rolls on the pallet and removing the largest of the three rolls, Pustka observed the remaining rolls leaning and attempted to correct the instability; and that the leaning was indicative of negligent loading of the pallet.

2) Pustka and his co-workers testified that rules prohibiting a worker from moving heavy loads without assistance from another worker or a mechanical device were frequently ignored, even in the presence of supervisors, and that no disciplinary action was ever taken. As the District Court noted, Printpack's "only attempt to rebut this devastating testimony was to call a very low level supervisor," whose testimony the jury could reasonably have discredited.

This case was fully tried to a jury and substantively reviewed by the District Court on a motion for directed verdict. Making all reasonable inferences in favor of Pustka, and refraining from re-weighing evidence and witness credibility, we find sufficient evidence in the record to allow a rational jury to conclude that Pustka's injury was proximately caused either by negligence in loading the pallet or by negligent enforcement of the safety rule prohibiting solo manhandling of rolls. Under Texas law, this is sufficient to render judgment against Printpack, a non-subscriber to Texas's worker's compensation program. The judgment of the District Court is

AFFIRMED.